BENJAMIN C. EVERINGHAM, RESPONDENT, *v.* EDWARD W. VANDERBILT AND OTHERS, APPELLANTS.

*Administrator of insolvent estate — assignment by, in fraud of creditors — remedy of creditors — Extra allowance — presumption as to amount involved.*

Where an administrator of an insolvent estate assigns, without consideration, and in fraud of the creditors of the estate, to the widow of the intestate two leases belonging to it, a judgment creditor of the intestate may maintain an action to set aside such an assignment, procure the sale of the leases, and have the proceeds arising therefrom applied to the payment of the debts of the intestate, in the order prescribed by law, even though no execution has been issued upon his judgment and returned unsatisfied.

Where, upon an appeal from an order granting an extra allowance, the amount involved in the controversy does not appear, the court will presume that the amount of the extra allowance does not exceed five per cent of the amount involved.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury, and from an order granting an extra allowance of $500.

*Richard H. Huntley*, for the appellants. The creditor must exhaust his legal remedies as a condition precedent to his coming into a court of equity. (*Dunlevy* v. *Talmage*, 32 N. Y., 457, *Ocean Bk.* v. *Olcott*, 46 id., 12, 18; *Allen* v. *Thurston*, 53 id., 622, 623; *Voorhies* v. *Howard*, 4 Abb. C. A. Dec., 503.) This is no

new law. (*Clarkson* v. *De Peyster*, 3 Paige, 320 ; *Beck* v. *Burdett*, 1 id., 305 ; *N. A. Fire Ins. Co.* v. *Graham*, 5 Sandf., 197 ; *McCulloch* v. *Colby*, 5 Bosw., 477 ; *Parshall* v. *Tilton*, 13. How., 7 ; *Child* v. *Brace*, 4 Paige, 309 ; *Renaud* v. *O'Brien*, 35 N. Y., 99 ; *Chatauqua Co. Bk.* v. *White*, 6 id., 236 ; *Beardsley S. Co.* v. *Foster*, 36 id., 561 ; *McElwain* v. *Willis*, 9 Wend., 549 ; *Crippen* v. *Hudson*, 13 N. Y., 161, 165 ; *Winslow* v. *Pitkin*, 1 Barb., Ch., 402 ; *Field* v. *Chapman*, 15 Abb., 434 ; Cooper's Pldgs. in Eq., 149 ; 1 Whittaker's Pr., 922 [3d ed.] ; *Forbes* v. *Logan*, 4 Bosw., 475, 482 ; *Williams* v. *Hogeboom*, 8 Paige, 469 ; *Cassidy* v. *Meacham*, 3 id., 311 ; *Campbell, Recr.*, v. *Foster*, 16 How., 275 ; *Wilson* v. *Forsythe*, 24 Barb., 114 ; *Jones* v. *Green*, 1 Wall., 330.)

*Dennis McMahon*, for the respondent. Treating the execution issued on the Sherwood judgment as invalid, yet the plaintiff, as assignee of the executors of Samuel Sherwood, a judgment creditor of the late Oliver Vanderbilt, treated as a creditor at large, is entitled to attack the transfer, by the administrator of said Oliver, of the two leases in controversy to his mother, Catharine, after the death of the intestate. (*McCartney* v. *Bostwick*, 32 N. Y., 53 ; *Loomis* v. *Tift*, 16 Barb., 541.) The same principle is applied in *Donovan* v. *Sheridan* (37 Superior C. R., 256), *Sweeney* v. *Sheridan* (37 id., 287), *Bates* v. *Graham* (11 N. Y., 237), *Barnwall* v. *Threadgill* (5 Iredell [N. C. Eq.], 86). The rule of the English chancery and of the courts of equity of the United States has been that where a devastavit has been worked by the personal representative, the creditor at large may always follow the property, if in existence, and have it impounded for the purpose of administration, as assets. (Per Sir John Leach, *Kease* v. *Roberts*, 4 Madd., 357, 358 ; Story's Eq. Jur., § 581, and cases cited in note, also, 579, 580 ; Ram. on Assets, chap. 37, § 4, pp. 491, 492 ; *Adair* v. *Schaw*, 1 Schoe & Lefroy, 261, 262.) A creditor of a deceased debtor may resort to equity in the first instance, without having recovered a judgment at law, especially when it appears that the debtor's estate is insolvent, and that the debt could not be paid in the ordinary course of administration. (*Sheeve* v. *Hoagland*, 39 Ill., 264 ; *O'Brien* v. *Coulter*, 2 Blackf., 421 ; *Whitney* v. *Kimball*, 4 Ind., 546 ; *Bay* v. *Cook*, 31 Ill., 336 ; *Thorp* v. *Felty*, 6 B. Mon., 6.)

DANIELS, J. :

The plaintiff as the assignee of two judgments recovered against Oliver Vanderbilt in his lifetime, brought this action to set aside the assignment of two leases made by Edward W. Vanderbilt the administrator of his estate to Catherine Ann Vanderbilt the widow of the intestate. These leases formed a valuable portion of the estate and stood in the name of the intestate, at and for many years preceding the time of his decease. He paid the taxes upon the property, the expenses of its repairs and collected the rents. He had previously owned preceding leases of this and other property, which had been purchased by him by way of exchange of other property. They failed to be as renumerative as he expected and he became involved in litigation concerning the facts under which they had been acquired. He also made an assignment for the benefit of his creditors. The assignee finally assigned all the leases to James Humphrey, who, in 1859, transferred the two preceding leases to the wife of the intestate. When the term was about to expire, he, with her assent, took these leases to the owner of the reversionary estate to procure their renewal, pursuant to a stipulation contained in them, by which the tenant had the right to insist upon such an extension of the terms, and the leases in controversy were executed for the purpose of performing that obligation. But they were made in the name of the intestate, and were claimed by him as his own, as the preceding leases had been, while they were held by virtue of the assignment in the name of his wife. The judgments assigned to the plaintiff were recovered in 1851 and 1853, and the evidence tended to show that the intestate was insolvent when the two leases were assigned by Humphrey to his wife, and continued to be so to the time of his decease. There was enough made to appear in the case to warrant the conclusion on which the recovery proceeded, that the leases were assigned to her by way of an equitable concession, that her husband, although defeated in the litigation from the result of which he had appealed, was justly entitled to receive back so much at least of his property. The surrogate on the accounting of the administrator before him deemed that conclusion warranted by the circumstances, and on an appeal from his decision that view was sustained by the General Term of the second department. And the court at Special Term also appears to have been well warranted

in assuming that to be the truth. The consequence of this conclusion was that the assignment of the two leases by the administrator to the widow of the intestate was fraudulent and void as to the creditors of the estate. It was made without consideration and included a portion of the property required for the payment of the debts of the intestate. The surrogate charged the administrator with their value, but as he had no power to set aside the transfer and restore the property assigned, this action was brought by the plaintiff as a creditor for that purpose.

An execution had been irregularly allowed to be issued, upon the judgment proceeded upon, by the Superior Court of the city of New York, and it was returned by the sheriff wholly unsatisfied, for the reason that the order made was not sufficient to authorize the execution. It was for that reason objected that the action could not be maintained by the plaintiff. But as the action was prosecuted to redress a wrong committed by the administrator himself, by which he had deprived the estate of the intestate of a valuable portion of its assets, the issuing and return of an execution unsatisfied upon the judgment was not necessary to enable the plaintiff to succeed in the action. It could be well maintained for that purpose, by any creditor or creditors having an interest in the assets, and entitled to have them applied to the payment of the debts owing by the intestate. This principle is a common one, of extensive application, and it sanctions the actions of creditors in cases of this description, of stockholders in corporations whose officers are about to, or have unlawfully disposed of their property, and of beneficiaries whose trustees in like manner betray their trusts. They are necessary for the protection and preservation of the legal rights of the parties ultimately interested in the property or fund endangered, or misappropriated, and for that reason they have been maintained by the courts. (*Robinson* v. *Stewart*, 10 N. Y., 189; *Bate* v. *Graham*, 1 Kernan, 237; *Memphis City* v. *Dean*, 8 Wallace, 65, 73; *Weetjen* v. *St. Paul and Pacific Railway Co.*, 11 N. Y. Sup. Ct., 529; *Weetjen* v. *Vibbard*, 12 id., 265.) And the case of *Jackson* v. *Forrest* (2 Barbour Chy., 576), in no respect impairs the application of the principle to this case. For the actual insolvency of the intestate at the time when the leases were assigned by Humphrey, the assets shown by the accounting to be in the hands of the administrator, the debts including the judg-

ments owned by the plaintiff to be paid, and the return unsatisfied of the irregular execution were abundant evidence of the insolvency of the estate, and the consequent necessity of such an action to secure the restoration of the leases as a portion of the assets. Beyond that, no objection was taken upon the trial presenting any such question, as this authority was cited to support. The plaintiff had a clear right to maintain the action as a creditor of the estate whose debts could only be paid by the restoration of these assets, and the evidence given upon the trial was sufficient to warrant the judgment allowed to be recovered.

Declarations and admissions of the intestate were received during the progress of the trial to show that he at all times after the assignment made by Humphrey, claimed to be the owner of the assigned leases. This evidence was objected to by the defendants generally, in some instances, and in others as incompetent, immaterial and irrelevant, but in neither case as improper against the wife and widow of the intestate as the assignee of the leases. Upon that ground solely the rulings allowing this evidence have been relied upon as erroneous, and for that reason sustaining the appeal. But as that objection was not mentioned at the trial, it could not have been ruled upon by the court, and it cannot be held now that any such use was made of these declarations and admissions in the decision of the case. The administrator, whose conduct was assailed as unlawful, because of the disposition made by him of these leases was a party to the action, and against him this species of evidence was admissible. (*Bullis* v. *Montgomery*, 50 N. Y., 352, 358, 359; 1 Greenleaf on Ev., § 189.) For that reason the objections which were made to this evidence are of no avail by way of supporting the present appeal.

As the case was presented at the trial, the leases in continuation of which these were given, were the property of the intestate debtor, and being insolvent, his wife had no right to them against the unsatisfied claims of his creditors.

The consideration for the original assignment to her proceeded wholly from him, and they were entitled to have the leases taken in renewal appropriated to the satisfaction of their debts.

That was the disposition directed to be made of them by the judgment recovered. It was not that they or their proceeds should

be applied to the payment of the plaintiff's judgments; but simply that the judgment on the basis of which the action had been carried on should be entitled to payment in due course of administration of said assets out of the funds in the hands of such receiver or to be realized on the aforesaid sale, according to his (the plaintiff's) priority as determined by statute in case of intestacy.

The administrator had violated his trust by the disposition he made of these leases, and a receiver of the rents and profits of the leasehold interests had been appointed in the action. These interests were properly ordered to be sold under his direction. That necessarily will bring the fund to be created by the sale under the control of the court, and it could more surely make a proper disposition of it by having the creditors and next of kin brought before it, than by the transmission of it to the administrator who had already been shown to have disregarded the obligations of his trust. It was incidental to the complete disposition of the case properly brought before the court. And the fund could not be effectually, and at the same time safely, disposed of in any other manner.

After the action was decided an application was made to the court for an additional allowance of costs, and an allowance of $500 was ordered. An appeal has been taken from that order. It does not appear by the order, nor by anything contained in the case, that this order was made without proof of the value of these leasehold interests, which formed the subject-matter involved in the action. For that reason this court is unable to say that the allowance exceeded five per cent of the subject-matter of the controversy, and if it is to indulge in presumptions upon the subject, it must presume that the order appeared to be a proper one from the facts then before the court. Error cannot be presumed to have intervened in the course of legal proceedings of this character.

It must be shown by the party alleging its existence. And as that has not been done in support of either of the appeals, both the judgment recovered and the order made must be affirmed, with costs.

DAVIS, P. J. and BRADY, J., concurred.

Judgment and order affirmed, with costs.